**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-59 Erie |
| | ) | |
| | ) | |
| SHANNON LAMONT MATHIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., J.

Presently pending before the Court is a motion filed by Shannon Lamont Mathis ("Defendant") entitled "Motion For Reduction of Term of Imprisonment Amended Pursuant to Title 18 U.S.C. 3582(c)(2) and § 1B1.10/c Sentence Guidelines in Lieu of Amendment 706-Crack Cocaine Offenses / USSG§1B1.10" [Doc. No. 144]. For the reasons set forth below, the Defendant's motion is denied.

On October 10, 2006, Defendant was charged by indictment with possessing with intent to distribute 5 grams or more of crack cocaine and possessing with intent to distribute cocaine. See Indictment [Doc. No. 13]. On June 7, 2007, Defendant was convicted on both counts by a jury following a four day trial. See Jury Verdict [Doc. No. 95]. At the sentencing hearing on February 27, 2008, the Defendant's offense level was increased by two levels for obstruction of justice, and the Court granted the Government's motion for an upward departure due to the Defendant's subornation of perjury and retaliation against witnesses. He was sentenced to 185 months of incarceration, followed by 8 years of supervised release. See Judgment [Doc. No. 130]. Defendant appealed his conviction and sentence, and on June 22, 2009, the Third Circuit affirmed his conviction and sentence. See United States v. Mathis, 2009WL 1741510 (3rd Cir. 2009).

While Defendant's direct appeal was pending, he filed the instant Motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) on June 26, 2008, in which he sought to reduce his sentence due to a later amendment to the United States Sentencing Guidelines ("U.S.S.G."). See Motion [Doc. No. 144]. The Government has filed a Brief in opposition and

the matter is now ripe for our determination.

Defendant argues that he is eligible for a reduction in his sentence due to the adoption in 2007 of Amendment 706 by the United States Sentencing Commission, which retroactively reduces by two points the offense level for persons sentenced under U.S.S.G. § 2D1.1(c) for crack cocaine.  See United States v. Robinson, 2008 WL 2578043 at *1 (W.D.Pa. 2008) (noting that the crack amendment decreased the base offense levels applicable to specific weights of cocaine base).  Section 3582(c)(2) permits the reduction of a defendant's sentence "where the sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  See 18 U.S.C. § 3582(c)(2).  This reduction, however, is not authorized where "the amendment ... is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10, app. note 1(A).

Here, Defendant is not eligible for a sentence reduction.  Defendant was sentenced *after* November 1, 2007, and the changes in the Amendment were expressly considered by the Court at the time of sentencing.  On September 5, 2007, Defendant requested, and this Court granted, a continuance of his sentencing date until after the effective date of the November 1, 2007 amendments.  See Motion to Continue Sentencing and Order [Doc. Nos. 100 and 101]. Defendant subsequently filed a Motion for Downward Departure on October 15, 2007, invoking the application of Amendment 706 and requesting that the Court reduce his offense level by two points in light of the Amendment.  See Motion for Variance/Downward Departure [Doc. No. 125].  I rejected the Defendant's argument at the sentencing hearing holding:

> The defendant has moved for a variance or downward departure, arguing in part that there is an anomaly under the crack cocaine guidelines such that his offense level should be 24, rather than 26.  However, regardless of whether the offense level is calculated at 24, as suggested by the defendant, or 26, as calculated by the probation officer, the fact of the matter is that the offense level in this case does not determine the applicable guideline range. That's determined by the mandatory minimum, which in this case is 120 months.  Section 5G1.1(b) of the Sentencing Guidelines provide in pertinent part:
>
> > "Where a statutorily required minimum sentence is greater than the maximum of the applicable

> guideline range, the statutorily required minimum
> sentence shall be the guideline sentence."

The motion for variance is denied.

See Sentencing Tr. p. 9 [Doc. No. 139].

As I held at the time of the Defendant's sentencing, because the Defendant was subject to a mandatory minimum sentence required by statute, Amendment 706 did "not have the effect of lowering the defendant's applicable guideline range", see U.S.S.G. § 1B1.10(a)(2)(B), and a reduction of his sentence is not authorized.  See United States v. Doe, 564 F.3d 305, 311-12 (3rd Cir. 2009) (holding that although the defendant's initial guideline ranges were lowered by Amendment 706, they were subsumed by mandatory minimum sentences and were thus unaffected by the Amendment); Sanchez-Cordero v. United States, 317 Fed. Appx. 267 (3rd Cir. 2009) (holding that defendant was ineligible for any reduction because he was sentenced to a statutory mandatory minimum); see also United States v. Paulk, 569 F.3d 1094, 1095-96 (9th Cir. 2009) (holding that a defendant sentenced pursuant to a statutory mandatory minimum is not entitled to a reduction of his sentence under Amendment 706); United States v. Williams, 551 F.3d 182, 185 (2nd Cir. 2009) ("Once the mandatory minimum applied, [the defendant's] sentence was no longer 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'"); United States v. Poole, 550 F.3d 676, 679 (7th Cir. 2009) ("The Application Note confirms that Amendment 706 does not have the effect of lowering [the defendant's] guideline range because the range applicable to her by operation of law was the statutory minimum term."); United States v. Romero, 2009 WL 2983085 at *2 (W.D.Pa. 2009) (rejecting defendant's argument that he was entitled to a reduction because he was sentenced to a mandatory minimum); United States v. Burton, 2009 WL 1765848 at *2 (W.D.Pa. 2009) (same).

AND NOW, this 2nd day of November, 2009, upon consideration of Shannon Lamont Mathis' "Motion For Reduction of Term of Imprisonment Amended Pursuant to Title 18 U.S.C. 3582(c)(2) and § 1B1.10/c Sentence Guidelines in Lieu of Amendment 706-Crack Cocaine Offenses / USSG§1B1.10" [Doc. No. 144], and for the reasons expressed herein;

IT IS HEREBY ORDERED that the Motion is DENIED.

s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record.