## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06cr59 |
| | ) | **Electronic Filing** |
| SHANNON LAMONT MATHIS | ) | |

### MEMORANDUM ORDER

AND NOW, this 31st day of December, 2024, upon due consideration of defendant's Motion for Early Termination of Supervised Release and the government's opposition thereto, IT IS ORDERED that [238] the motion be, and the same hereby is, GRANTED in part and DENIED in part. The motion is granted to the extent it seeks termination of supervised release as of January 24, 2025. The motion is denied in all other aspects.

As documented in the government's opposition, defendant has a storied history with the law and federally was prosecuted for distribution of crack cocaine in 2001 and 2006. In the instant case defendant was prosecuted for possessing with the intent to distribute five grams or more of crack cocaine and possession of cocaine. The government filed a § 851 notice, increasing the then applicable penalties to not less than ten years of incarceration and not less than eight years of supervised release. The Presentence Investigation Report attributed 14.2 grams of crack cocaine and 6.8 grams of cocaine to defendant. At sentencing, the government moved for an upward departure based on defendant's alleged efforts to suborn perjury and post-conviction threats against two of the government's witnesses. After adjusting defendant's criminal offense level for three separate instances of obstructive conduct, Judge McLaughlin sentenced defendant to 185 months of incarceration and eight years of supervised release.

Defendant sought a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 – initially requesting a reduction to 162 months and then to the statutorily

mandated minimum sentence of 120 months.  Defendant did not seek a reduction in his term of supervised release.  The government did not oppose defendant's request for relief in the form of a revised sentence of 162 months but did oppose any reduction below that term of incarceration. On February 14, 2017, this member of the court reduced defendant's term of incarceration to 138 months after balancing the offense conduct, the goals of Amendment 782 and the post-sentencing conduct that defendant had undertaken in an effort toward rehabilitation and his anticipated successful return to society.  Defendant's eight-year term of supervised release was left intact.

Defendant served the 138 month term of incarceration.  He was placed at Renewal Center on July 31, 2018, and after a successful six-month period at the facility was released on supervised release on January 25, 2019.  He filed the instant motion for early termination of supervised release on May 31, 2024.  As of this date, defendant has served more than five years and ten months of his term of supervision.  He will have served six years of supervised release on January 24, 2025.

The government opposes defendant's motion on four grounds.  First, it notes defendant points only to his gainful employment and successful completion of drug abuse programming, which are merely expected conditions of compliance.  From its perspective defendant does not provide any new undue hardship or undue burden to support the relief he seeks.  Second, the government argues that the § 3553(a) factors continue to support the need for ongoing supervision because trafficking in crack cocaine is a serious offense and defendant's obstructive conduct counsels against early termination.  Third, defendant has a history of drug abuse and he was discharged from several treatment programs between his 2001 and 2006 convictions.  And finally, defendant committed the instant 2006 offense while on supervised release in conjunction with his 2001 conviction.  Thus, from the government's perspective, while defendant "has

flourished under the Court's supervision" and "is to be commended for his conduct to date," the reasons defendant offers fail to support the request for early termination.

Notwithstanding the government's cynical view of defendant's ability to continue with his journey of rehabilitation and productive citizenship, the record does support the relief granted. While defendant's term of supervised release is not without blemishes, he has demonstrated a sufficient period of adjustment from his criminal past. His criminal convictions arose from conduct that occurred more than eighteen years ago. He has sought work and generally been employed since his release. He has now worked in home health care for three years. He has fostered significant family ties and a supportive family network. After possessing a small amount and testing positive for marijuana, defendant has continued to participate in dual diagnoses outpatient treatment at Stairways Behavioral Health and his supervision has continued without further incident.

Supervised release fulfills rehabilitative ends and is designed to assist individuals in their transition back into the community. United States v. Johnson, 529 U.S. 53, 59 (2000); United States v. Murray, 692 F.3d 273, 280 (3d Cir. 2012). Its primary purpose is to facilitate the integration of an offender back into the community rather than to dole out an additional measure of punishment. United States v. Albertson, 645 F.3d 191, 197 (3d Cir. 2011) (citing U.S. Sentencing Comm'n, Federal Offenders Sentenced to Supervised Release 8–9 (2010)).

Just like the imposition of an initial term of supervised release, the assessment of a motion for early termination of supervised release is grounded in a careful consideration of the § 3553(a) factors as they relate to the defendant's current circumstances. United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). Such relief may be granted where it "is warranted by the defendant's conduct and is in the interest of justice." Id. (citing 18 U.S.C. § 3583(e)(1)). And while early termination generally is proper only where the court is satisfied that something has

changed when compared with the circumstances presented at the time the term was imposed, the defendant's conduct and the existing circumstances need not reflect "exceptional, extraordinary, new, or unforeseen circumstance[s]." Id.  In other words, a showing of new or unforeseen circumstances is not required; what is required is a showing that the defendant's conduct and circumstances now support early termination when assessed pursuant to an application of the § 3553(a) factors.

Defendant has demonstrated that the primary purpose of supervised release has been accomplished; that is, he has successfully reintegrated back into society.  And application of the § 3553(a) factors tips in favor of early termination.  To be sure, defendant's offense conduct was very serious.  He possessed 14.2 grams of crack cocaine with the intent to distribute and he possessed 6.8 grams of cocaine.  This conduct occurred while defendant was on supervision from his 2001 offense for possessing with the intent to distribute 50 grams or more of crack cocaine, which followed his 1995 conviction for possession of marijuana.  And he engaged in three instances of obstructive conduct prior to being sentenced.  But all of defendant's offense conduct occurred closed to twenty years ago and the record indicates he has been able to remove himself from the environment that fostered this behavior.

The sentence imposed of 11.5 years of incarceration and 6 years of supervised release sufficiently reflects the need to account for the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence for such criminal conduct, protect the public from further crimes by defendant, and provide defendant with needed educational or vocational training, medical care, and other correctional treatment in the most effective manner. It is sufficient but not greater than necessary to satisfy all of these goals.

Further, while the sentence as initially imposed fell within the kinds of sentences and sentencing ranges established at the time for the defendant's crimes, subsequent changes to the

federal sentencing policies for the offense conduct meaningfully have changed, both with regard to the mandatory minimum term of incarceration, the sentencing range under the Guidelines and the mandatory minimum term of supervised release.  And while it is possible that similarly situated defendants could receive a comparable sentence to the one defendant has served to date, such a scenario runs counter to today's common sentencing practices in the Western District.

In short, the court finds that defendant has presented a sufficient basis for reducing the term of supervised release to six years.  The record reflects that as of January 24, 2025, the goals of supervision will have been accomplished and defendant will have successfully reintegrated into society.  In other words, supervision beyond the 6 year milestone will be unwarranted because, with regard to successful reintegration, there will be nothing more to be accomplished.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    Michael L. Ivory, AUSA
Kelvin L. Morris, Esquire

(*Via CM/ECF Electronic Mail*)